PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-MJ-00197 |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| CHRISTIAN CLAUSTRO, | DATE: April 14, 2023 |
| Defendant. | TIME: 2:00 p.m. |

This case is set for a preliminary hearing on April 14, 2023. The parties agree and stipulate to continue the preliminary hearing until May 5, 2023. Defense counsel has continued to be engaged in discussions and further investigation, and needs additional time to conclude that process.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight and were entered to address public health concerns related to COVID-19. Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the

defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631, 652 and 662 (among others) require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on April 14, 2023.

2. By this stipulation, defendant now moves to continue the preliminary hearing until **May 5, 2023, at 2:00 p.m.** and to exclude time between April 14, 2023, and May 5, 2023, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The parties are discussing and conducting further investigation into pre-indictment matters, and need additional time to conclude that process.

   b) The government represents that discovery consists of reports, and that an initial dissemination of discovery has been provided to defense, consisting of National Park Service Reports and the defendant's criminal history.

   c) Counsel for defendant desires additional time to consult with her client, conduct further investigation, and discuss charges with the government. Defense has continued to investigate various issues related to the facts and a resolution since the last continuance was granted.

   d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e) The government does not object to the continuance.

   f) Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant

consents and there is a "showing of good cause". Here, the defendant consents and there is good cause as set forth herein.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of April 14, 2023 to May 5, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

  IT IS SO STIPULATED.

Dated:  March 28, 2023

            PHILLIP A. TALBERT
            United States Attorney

            /s/ KIMBERLY A. SANCHEZ
            KIMBERLY A. SANCHEZ
            Assistant United States Attorney

Dated:  March 28, 2023      /s/ ERIN SNIDER
            ERIN SNIDER
            Counsel for Defendant
            CHRISTIAN CLAUSTRO

### FINDINGS AND ORDER

Having reviewed the parties Stipulation and proposed findings, the Court finds the following:

a) The parties are discussing and conducting further investigation into pre-indictment matters, and need additional time to conclude that process. Defense is in the process of retaining an expert to assist and the expert will require time to reach an opinion and produce such opinion

1     in a format capable of sharing for evaluation by both parties.

2         b)    The government represents that discovery consists of reports, and that an initial
3 dissemination of discovery has been provided to defense, consisting of National Park Service
4 Reports and the defendant's criminal history.

5         c)    Counsel for defendant desires additional time to consult with her client, conduct
6 further investigation, and discuss charges with the government.  Defense has continued to
7 investigate various issues related to the facts and a resolution since the last continuance was
8 granted.

9         d)    Counsel for defendant believes that failure to grant the above-requested
10 continuance would deny him the reasonable time necessary for effective preparation, taking into
11 account the exercise of due diligence.

12         e)    The government does not object to the continuance.

13         f)    Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later
14 than 14 days after initial appearance if the defendant is in custody," unless the defendant
15 consents and there is a "showing of good cause".  Here, the defendant consents and there is good
16 cause as set forth herein.

17         g)    Based on the above-stated findings, the ends of justice served by continuing the
18 case as requested outweigh the interest of the public and the defendant in an indictment or trial
19 within the original dates prescribed by the Speedy Trial Act.

20         h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
21 et seq., within which an indictment must be filed and within which a trial must commence, the
22 time period of April 14, 2023 to May 5, 2023, inclusive, is deemed excludable pursuant to 18
23 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at
24 defendant's request on the basis of the Court's finding that the ends of justice served by taking
25 such action outweigh the best interest of the public and the defendant in a speedy
26 indictment/trial.

27     IT IS HEREBY ORDERED that the preliminary hearing scheduled for April 14, 2023 at 2:00
28 p.m. is continued to May 5, 2023 at 2:00 p.m.  IT IS FURTHER ORDERED that the time between April

14, 2023 and May 5, 2023 is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS SO ORDERED.

Dated:   **April 10, 2023**

UNITED STATES MAGISTRATE JUDGE