PHILLIP A. TALBERT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-MJ-00197-SAB |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| CHRISTIAN CLAUSTRO, | DATE: October 31, 2023 |
| Defendant. | TIME: 2:00 p.m. |

This case is set for a preliminary hearing on October 31, 2023. The parties agree and stipulate to continue the preliminary hearing until February 6, 2024. Defense counsel requested the government to consider deferred prosecution. The government is in the process of consulting with an expert to assist in evaluating the circumstances that may make the case appropriate for the defendant's requested disposition. The parties need additional time work through the analysis.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on October 31, 2023.

2. By this stipulation, defendant now moves to continue the preliminary hearing until **February 6, 2024, at 2:00 p.m.** and to exclude time between October 31, 2023, and February 6, 2024.

3. The parties agree and stipulate, and request that the Court find the following:

a) The parties are discussing and conducting further investigation into pre-indictment matters, including consideration of embarking on the process to request deferred prosecution, and need additional time to conclude that process.

b) The government represents that discovery consists of reports, and that an initial dissemination of discovery has been provided to defense, consisting of National Park Service Reports and the defendant's criminal history.

c) Counsel for defendant desires additional time to consult with her client, conduct further investigation, and discuss charges with the government. Defense has continued to investigate various issues related to the facts and a resolution since the last continuance was granted. Counsel for defendant also requested the government to consider deferred prosecution, and the government is gathering information necessary to do so.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause". Here, the defendant consents and there is good cause as set forth herein.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of October 31, 2023 to February 6, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

indictment/trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated: October 30, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ ROBERT L. VENEMAN-HUGHES
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney

Dated: October 30, 2023

/s/ ERIN SNIDER
ERIN SNIDER
Counsel for Defendant
CHRISTIAN CLAUSTRO

**FINDINGS AND ORDER**

Having reviewed the parties Stipulation and proposed findings, the Court finds the following:

a) The parties are discussing and conducting further investigation into pre-indictment matters, including potential deferred prosecution, and need additional time to conclude that process.

b) The government represents that discovery consists of reports, and that an initial dissemination of discovery has been provided to defense, consisting of National Park Service Reports and the defendant's criminal history.

c) Counsel for defendant desires additional time to consult with her client, conduct further investigation, and discuss charges with the government. Defense has continued to investigate various issues related to the facts and a resolution since the last continuance was granted. Counsel for defendant also requested the government to consider deferred prosecution, and the government is gathering information necessary to do so.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.

   e)  The government does not object to the continuance.

   f)  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause". Here, the defendant consents and there is good cause as set forth herein.

   g)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in an indictment or trial within the original dates prescribed by the Speedy Trial Act.

   h)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which an indictment must be filed and within which a trial must commence, the time period of October 31, 2023 to February 6, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.

IT IS HEREBY ORDERED that the preliminary hearing scheduled for October 31, 2023 at 2:00 p.m. is continued to **February 6, 2024 at 2:00 p.m. before Magistrate Judge Erica P. Grosjean**. IT IS FURTHER ORDERED that the time between October 31, 2023 and February 6, 2024 is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy indictment/trial.
IT IS SO ORDERED.

Dated: **October 30, 2023**     /s/ *Barbara A. McAuliffe*
                 UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT   4